**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISIDRO FABIAN SANTOS MACIAS,<br><br>                    Petitioner,<br><br>        v.<br><br>JOSHUA JOHNSON, *et al.*,<br><br>                    Respondents. | Case No.  5:26-cv-03235-RAO<br><br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |

On June 11, 2026, Petitioner Isidro Fabian Santos Macias ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), against Joshua Johnson, Warden of Adelanto Immigration and Customs Enforcement ("ICE") Processing Center; J. Doe, Acting Field Officer Director, ICE Los Angeles Field Office; Markwayne Mullin, Secretary of U.S. Department of Homeland Security; Todd Blanche, Acting Attorney General of the U.S.; and Darren K. Margolin, Director of Executive Office of Immigration Review (collectively, the "Respondents").  *See* Dkt. No. 1 ("Pet.").

The case is proceeding before the undersigned magistrate judge for all purposes including final disposition.  *See* Dkt. No. 9.

The Petition states that Petitioner is a non-citizen currently detained in Adelanto ICE Detention Facility in Adelanto, California.   *See* Pet. at 3. Publicly available ICE records reflect that the Petitioner is currently detained within this District.

The Court incorporates the factual background set forth in the Petition. *Id*. at 2-4.

Petitioner alleges that his continued detention violates the Immigration and Nationality Act ("INA") (Count One) and the Fifth Amendment's Due Process Clause (Count Two). *Id.* at 22-24.  The Petition seeks relief in the form of, *inter alia*, Petitioner's release or, alternatively, an order directing Respondents to provide Petitioner with a bond hearing. *Id*. at 24.

Respondents filed their response on June 18, 2026 ("Answer").  Dkt. No. 12. The Answer states that Petitioner is not entitled to release from detention, noting that he came to ICE's detention based on his most recent arrest and criminal charges. *Id*. at 2.  Respondents note that Petitioner admits he has never previously been detained or determined to be appropriate for release on conditions.  However, the Answer represents that Respondents have no objection to the entry of an order requiring that Petitioner be provided a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a). *Id*.

Petitioner filed his Traverse on June 22, 2026.  Dkt. No. 13.  The Traverse contests Respondents' assertion that Petitioner entered without inspection. *Id*. at 2-3.  It further contends that Respondents have reversed their position by not objecting to a bond hearing under Section 1226(a), where the immigration judge previously denied Petitioner's request for the same hearing on the grounds of lack of jurisdiction. *Id*. at 2-5.  The Traverse seeks relief in the form of immediate release or, alternatively, a bond hearing pursuant to Section 1226(a) that reaches the merits of flight risk and danger. *Id*. at 5.

In similar circumstances, courts in this District have limited relief to ordering the petitioner's release if he is not afforded a timely bond hearing. *See Hernandez v. Semaia*, No. CV 26-1295-JFW (KS), 2026 WL 928628, *3 (C.D. Cal. 2026) ("In light of Respondent's acknowledgment that Petitioner appears to be a member of the *Bautista* class and appears to be subject to the *Bautista* judgment, ... Respondents are enjoined from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order."); *Rathi v. Warden of Desert View Annex Det. Facility*, No. CV 26-1174-WLH (AYP), 2026 WL 795298, *1 (C.D. Cal. 2026) ("Respondents do not contest Petitioner's membership in the Bond Eligible Class in *Bautista v. Santacruz*. Consistent with the Final Judgment in *Bautista*, Petitioner is entitled to an individualized bond hearing." (citation omitted)); *Devi v. Semaia*, No. CV 26-898-DMG (AS), 2026 WL 712043, *1 (C.D. Cal. 2026) (similar). Courts have previously issued orders directing bond hearings, and respondents in turn complied with those orders; accordingly, the Court has no reason to believe its orders will not continue to be followed and thus declines to order immediate release. Therefore, consistent with the practice in this District, the Court will order Petitioner's release if Petitioner is not afforded a timely bond hearing. *See, e.g., Quinonez Herrera v. Mullin*, No. CV 26-1561-CAS (DMK), 2026 WL 915184, *2 (C.D. Cal. 2026) ("[C]onsistent with what courts in this district have generally ordered in similar cases, the Court orders Respondents to provide Petitioner with [an individualized bond] hearing within seven (7) days.").

Finding that relief in the form of a bond hearing pursuant to Section 1226(a) is appropriate, IT IS ORDERED that:

(1) The Petition is GRANTED in part as to Count One claiming a violation of the INA;

///

(2) Respondents are enjoined from continuing to detain Petitioner unless Petitioner is provided with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order that addresses the merits regarding flight risk and danger;

(3) Respondents are directed to file a status report within 10 days of this Order substantiating compliance with the Court's Order; and

(4) Within 30 days of entry of final judgment in this action, the Court will consider an application from Petitioner for reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

DATED:  June 23, 2026

_____/s/_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

4